UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| HAROLD HILL, | ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 5:18-cv-511-JMH |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| TOM JONES, DOUG THOMAS, and CPT. JOHNSON, | ) ) ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on the Motion for Judgment on the Pleadings of Defendants Captain Tom Jones, Jailer Doug Thomas, and Captain Greg Johnson ("Defendants"). [DE 17]. These Defendants request the Court dismiss Plaintiff Harold Hill's ("Hill") claims against them with prejudice. Having reviewed the Defendant's motion, and being otherwise sufficiently advised, **IT IS ORDERED** that the Defendants' Motion for Judgment on the Pleadings is, and hereby shall be, **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2018, Inmate Harold Hill filed the instant action, proceeding *pro se*, pursuant to 42 U.S.C. § 1983. [DE 1]. On September 19, 2018, the Court conducted its initial screening of Hill's Complaint as required by 28 U.S.C. § 1915A. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

1

The Court summarized Hill's the allegations in Hill's *pro se* Complaint as follows:

> Hill indicates that in September 2017 he was a pretrial detainee housed at the Madison County Detention Center ("MCDC"). He states that he had served as a police officer, and alleges that he advised MCDC Captain Tom Jones, MCDC Jailer Doug Thomas, and MCDC Captain "Johnson" that he was at risk from assault if he was placed in a cell with inmates that he had previously arrested. Hill alleges that those officers disregarded his concerns, resulting in an altercation with at least one such inmate which caused physical injury.

[DE 6 at 1, PageID #25; DE 1 at 2-3, PageID #2-3].

As a result, Hill alleges that the Defendants violated his Eight Amendment right to be free from cruel and unusual punishment by placing him in a cell with inmates he had arrested during his tenure as a police officer and by maintaining an overcrowded jail. [Id. at 2-4, PageID #2-4]. Hill further claims that the Defendants violated his rights under the Americans with Disabilities Act ("ADA"). [Id.]. As a result, Hill claims that he is entitled to damages in the amount of $500,000.00 from each defendant, including Madison County. [Id. at 8, PageID #8].

After screening, this Court concluded that the Defendants Jones, Thomas, and Johnson be "served with process to respond to the allegations in the complaint." [DE 6 at 1, PageID #25]. The Court dismissed Hill's claims against Madison County and the Madison County Detention Center ("MCDC"), finding the MCDC could

2

not be sued and that the Hill's Complaint failed to state a claim against Madison County because it does not allege that the officers acted pursuant to any policy or custom of Madison County. [Id. at 2, PageID #26]. As a result, Jones, Thomas, and Johnson, filed their Answer on October 9, 2018. [DE 9].

On March 4, 2019, Hill filed a motion styled, "Motion for Discovery and for Leave to Amend the Complaint." [DE 15]. In particular, Hill's motion sought to add claims and parties. On March 25, 2019, Jones, Thomas, and Johnson responded in opposition to Hill's motion. [DE 18].

They also filed the instant Motion for Judgment on the Pleadings. [DE 17]. Hill failed to respond to that motion. The Defendants then moved to hold all deadlines in abeyance, pending the outcome of the Motion for Judgment on the Pleadings. [DE 18].

The Motion to Amend was referred to Magistrate Judge Matthew A. Stinnett, who ultimately granted Hill's motion to the extent it requested leave to amend the Complaint. [DE 20 at 5, PageID #122]. As a result, Hill was given until August 25, 2019 to file an Amended Complaint, and the Court held all other deadlines in abeyance pending this Court's resolution of the Motion for Judgment on the Pleadings. [Id.].

Notably, Magistrate Judge Stinnett stated that, "[i]f Hill files an Amended Complaint, the pending Motion for Judgment on the Pleadings will be mooted." [DE 20 at 4, PageID #121].

3

Hill failed to respond to the Motion for Judgment on the Pleadings and has also failed to file an Amended Complaint. As a result, this matter is now ripe for review.

## II. LEGAL STANDARD

Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c). [DE 17]. "After the pleadings are closed ... a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under such a motion "all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A motion for judgment on the pleadings requires the same "standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015) (quoting *Tucker*, 539 F.3d at 549).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court views the Complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (citing *Twombly*, 550 U.S. at 570). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Defendants Jones, Thomas, and Johnson argue that Hill's Complaint fails to state a claim under § 1983 or the ADA upon which relief can be granted. [DE 17-1 at 2-10, PageID #82-90].

First, Defendants argue that Hill's Complaint fails to plausible claim under § 1983. [Id. at 4-5, PageID #85-6]. In particular, they note that Hill brings claims against them in their official capacities, which must be treated as being asserted against the government entity itself. *See Mills v. City of Barbourville*, 389 F.3d 568, 577 (6th Cir. 2004). Thus, Defendants argue that, because Hill failed to state a claim against Madison County, that his official capacity claims against them should also be dismissed. [DE 17-1 at 4-5, PageID #85-6].

Second, they argue that Hill has failed to state a claim for a violation of the ADA. [Id. at 5-6, PageID #85-6]. In particular, they argue that Hill failed to allege that he was disabled, or, even if he had, that he failed to allege that he was housed with prior arrestees because of any alleged disability.

5

[Id.]. As a result, Defendants argue that they are entitled to judgment on the pleadings as to Hill's ADA claims. [Id.].

As noted above, Hill failed to respond to the Defendants' Motion for Judgment on the Pleadings, [DE 17], let alone respond within the time permitted by the Joint Local Rules of Civil Practice ("LR"). *See* L.R. 7.1(c). As a result, Hill has waived argument and Defendants' motion will be granted.

The language of LR 7.1(c) provides:

> Unless otherwise ordered by the Court, a party opposing a motion to file a response within 21 days of service of the motion. ***Failure to timely respond to a motion may be ground for granting the motion*...**

(emphasis added).

The Sixth Circuit has further held that when a party fails to respond to a motion or argument therein, the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion. *Humphrey v. U.S. Attorney General's Office,* 279 F. App'x 328, 331, 2008 WL 2080512, 3 (6th Cir.2008); *See Resnick v. Patton,* 258 F. App'x 789, 790–91, n. 1 (6th Cir.2007); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989) (unpublished table decision)("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

The instant motion was filed on March 25, 2019. Hill did not file a response. Nor did he amend his complaint, which would have mooted the instant motion. Thus, the undersigned concludes from Hill's lack of response that Hill does not oppose dismissal of his claims against Johnson, Thomas, and Johnson. Accordingly, **IT IS ORDERED** as follows:

(1) That the Defendants' Motion for Judgment on the Pleadings will be **GRANTED**; and

(2) That all claims against Defendants Jones, Thomas, and Johnson are, and hereby shall be, **DISMISSED WITH PREJUDICE**;

(3) As there are no claims remaining against any defendant in this action, a final judgment **SHALL** be entered contemporaneously with the entry of this Memorandum Opinion and Order.

This the 17th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge